Hayashi v Cadet (2021 NY Slip Op 01400)





Hayashi v Cadet


2021 NY Slip Op 01400


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2019-04897
2019-07431
 (Index No. 708438/15)

[*1]Lida Hayashi, appellant,
v
Maurin Cadet, et al., respondents.


Andrew Park, P.C., New York, NY (Jusun Yook of counsel), for appellant.
Dodge & Monroy, P.C., Lake Success, NY (Mark T. Scopinich of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Pam B. Jackman-Brown, J.), entered February 14, 2019, and (2) a judgment of the same court entered April 24, 2019. The order denied the motion of the plaintiff pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendants on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial. The judgment, upon the jury verdict and the order, is in favor of the defendants and against the plaintiff, in effect, dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the appeal from the judgment is dismissed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff commenced this action to recover damages for injuries that she allegedly sustained when she was struck by a vehicle operated by the defendant Maurin Cadet and owned by the defendant Refuah, Inc. After a jury trial, a verdict was returned in favor of the defendants on the issue of liability. A judgment was subsequently entered in favor of the defendants and against the plaintiff, in effect, dismissing the complaint. The plaintiff appeals.
"It is the obligation of the appellant to assemble a proper record on appeal, which must include any relevant transcripts of proceedings before the Supreme Court" (Kruseck v Ross, 82 AD3d 939, 940; see Nakyeoung Seoung v Vicuna, 38 AD3d 734, 735). Here, although the plaintiff seeks review of a judgment entered upon a jury verdict, she has failed to include the full trial transcript in the record on appeal. Accordingly, the record is inadequate to enable this Court to [*2]render an informed decision on the merits, and the appeal from the judgment must be dismissed (see Kruseck v Ross, 82 AD3d at 940; Nakyeoung Seoung v Vicuna, 38 AD3d at 735; Gerhardt v New York City Tr. Auth., 8 AD3d 427, 427-428).
MASTRO, A.P.J., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court