Matter of Law Offs. of Michael S. Lamonsoff, PLLC v Gorayeb & Assoc., P.C. (2025 NY Slip Op 03329)

Matter of Law Offs. of Michael S. Lamonsoff, PLLC v Gorayeb & Assoc., P.C.

2025 NY Slip Op 03329

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2024-00886
 (Index No. 518244/23)

[*1]In the Matter of Law Offices of Michael S. Lamonsoff, PLLC, respondent, 
v
Gorayeb & Associates, P.C., appellant.

Gorayeb & Associates, P.C., New York, NY (John M. Shaw of counsel), appellant pro se.
Law Offices of Michael S. Lamonsoff, PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), respondent pro se.

DECISION & ORDER
In a proceeding pursuant to Judiciary Law §§ 474 and 475 to apportion attorneys' fees, Gorayeb & Associates, P.C., appeals from an order of the Supreme Court, Kings County (Rupert V. Barry, J.), dated September 29, 2023. The order, after a hearing, awarded the petitioner 90% of the net legal fees recoverable in a related action.
ORDERED that the appeal is dismissed, with costs to the petitioner.
Nery Amaya retained Gorayeb & Associates, P.C. (hereinafter Gorayeb), to represent him in commencing an action to recover damages for personal injuries. Amaya thereafter discharged Gorayeb and retained the petitioner to represent him. After the petitioner secured a favorable settlement offer on behalf of Amaya, the petitioner commenced this proceeding to apportion the attorneys' fees. In an order dated September 29, 2023, the Supreme Court, after a hearing, awarded 90% of the net legal fees to the petitioner and 10% to Gorayeb. Gorayeb appeals.
"It is the obligation of the appellant to assemble a proper record on appeal" (Kruseck v Ross, 82 AD3d 939, 940; see CPLR 5526; Hayashi v Cadet, 192 AD3d 780, 781). "The record on appeal from a final judgment shall consist of the notice of appeal, the judgment-roll, the corrected transcript of the proceedings or a statement pursuant to subdivision (d) of rule 5525 if a trial or hearing was held" (CPLR 5526; see Bing v Myrtle 6, LLC, 227 AD3d 769, 770). Here, Gorayeb failed to include the transcript of the hearing on the petition before the Supreme Court or a statement pursuant to CPLR 5525(d) in lieu of a stenographic transcript (see Babayev v Kreitzman, 168 AD3d 655, 656). Accordingly, since this omission inhibits this Court's ability to render an informed decision on the merits, dismissal of the appeal is appropriate (see Wells Fargo Bank, N.A. v Russo, 234 AD3d 1014, 1016; McWhinney v Rockland Cider Works, LLC, 233 AD3d 668, 669; Matter of Progressive Specialty Ins. Co. v Seng Jin Jang, 211 AD3d 736, 737).
BRATHWAITE NELSON, J.P., WOOTEN, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court